## EMINENT DOMAIN.    207

[Putnam Circuit Court, January, 1891.]

### IN RE WILLIAM J. GEORGE, ET AL.

**1. STATUTE NOT UNCONSTITUTIONAL.**

The right, under sec. 6448 Rev. Stat. to have damages assessed against a corporation for land which it has taken without compensation, is not unconstitutional as depriving the corporation of property without a trial, for the proceeding does not lie, except where the corporation has no estate in the land.

**2. JUDGMENT FOR FAILURE TO PAY AMOUNT ASSESSED, NOTWITHSTANDING ERROR PROCEEDINGS.**

In a proceeding under sec. 6448, to compel a corporation to appropriate land upon which it has entered, if the corporation fails for sixty days to pay the amount assessed, the court may enjoin it (sec. 6450 Rev. Stat.), from further occupancy, although it has filed a petition in error and given an error bond.

**3. INJUNCTION DOES NOT LIE BEFORE SIXTY DAYS EXPIRE.**

But the court has no jurisdiction to grant such injunction before the sixty days expire, as the corporation has that time in which to pay.

**4. NO INJUNCTION WITHOUT BOND.**

The injunction under sec. 6450 Rev. Stat. issued without an injunction bond is void.

**5. AVERMENT OF WANT OF TITLE IS JURISDICTIONAL.**

In a proceeding under sec. 6448 Rev. Stat. to compel a corporation to pay for property occupied by it without compensation, the averment that the corporation has no legal title or equitable right in the property is jurisdictional.

**6. MUST BE FOUND BEFORE JURY IS IMPANELED.**

This jurisdictional fact must be found by the court before a jury is impaneled to assess the damages, otherwise all subsequent orders will be void and no contempt can be based on their disobedience.

**7. WHERE ORDER IN CONTEMPT IS INVALID HABEAS CORPUS LIES.**

Employees of a corporation arrested for contempt for the violation of an order against the corporation, where the court has no jurisdiction to make the order, may be released on habeas corpus.

**8. EVIDENCE AS TO WANT OF JURISDICTION IN CONTEMPT CASES.**

In a proceeding in habeas corpus evidence may be given to prove the want of jurisdiction in the court to make the order.

AT CHAMBERS.

PETITION for a writ of *Habeas Corpus*.

SENEY, J.

On January 20, 1891, William J. George, Franklin H. Gould, George G. McCaffrey and William E. McDaniels, each respectively, presented to me, as one of the judges of the circuit court of Ohio, his petition for a writ of *habeas corpus*, averring in said petition, in substance, the following facts:

That he is unlawfully imprisoned and restrained of his liberty, by David C. Williamson, sheriff of Putnam county, Ohio. The pretended cause of the imprisonment and detention is an alleged prosecution of your petitioner in the probate court of said county, for an alleged contempt of a pretended order of injunction theretofore entered in said court, said pretended injunction having been issued in the case of Gilmour v. Railroad Co., in a summary application after judgment therein;

That said probate court in granting and entering said pretended order of injunction acted without jurisdiction and authority; that said pretended order of injunction was granted without and in the absence of any execution issued upon the judgment for the enforcement of which said pretended order of injunction was granted, of which a return had been made with the endorsement, "that no goods or chattels, lands or tenements could be found whereon to levy," and without said judgment having remained unsatisfied for more than sixty days from the rendition thereof, and without any bond or undertaking having been given for the granting and issuing of the said order of injunction, that said order of injunction was issued long after said cause had by the Findlay, Fort Wayne & Western Railroad Company been taken to the court of common pleas of Putnam county, Ohio, by a proceeding in error, and said company had given an undertaking under sec. 6718 Rev. Stat.; that the provision of law assuming to confer authority on said court, to grant said injunction, and all proceedings had thereunder, are unconstitutional;

That said probate court had no jurisdiction to hear and determine said cause, the facts stated in the petition therein filed not being sufficient in law to give said court jurisdiction.

Whereupon, your petitioner prays that a writ of habeas corpus may be granted, and that he may be discharged from said unlawful imprisonment.

Upon said application a writ of *habeas corpus* was allowed by me as one of the judges of the circuit court of Ohio, returnable at Kenton on Thursday, January 22, 1891.

The return of the sheriff upon the writ of *habeas corpus* shows that he has the petitioner in custody by virtue of an order of commitment to him directed by the probate court of Putnam county, commanding him "to safely keep in the jail of said county the said F. H. Gould, W. E. McDaniels, W. J. George and George McCaffrey, until they severally shall pay the fine and costs assessed against them, or until otherwise ordered, or until discharged by due course of law"—reciting the order of injunction as averred in the petition, its violation, thereby being guilty of contempt, and the sentence of the probate court, to-wit: That each pay a fine in a sum certain named, and the costs, and that they each stand committed until fine and costs were paid.

Upon the petition thus presented, the writ of *habeas corpus*, the sheriff's return thereto, and certain documentary evidence, I heard the case at Kenton on January 22, and retained the case to be decided at Findlay this morning, releasing the petitioners from the custody of the sheriff and placing them in the charge of Mr. Sheets, one of their attorneys.

At the threshhold of the case, it is urged in argument that I, as one of the judges of the circuit court of Ohio, have not the power to review this proceeding upon a petition in *habeas corpus*; that the remedy is by petition in error, and secondly, if I have the power, evidence is incompetent upon the hearing; that if the sheriff's return upon the writ shows that the party is in custody by virtue of commitment duly issued by a court, that is the end of the *habeas corpus* proceeding.

The proceeding by which these parties are imprisoned, is for the claimed violation of an injunction against the Findlay, Fort Wayne & Western Railroad Co.; the foundation stone upon which it is built, is the original petition filed by the owner of the premises against the railroad. If by virtue of the petition, the court acquired no jurisdiction, all subsequent proceedings under it, no matter how regularly and in conformity to law they may be, fall with it. To any question that might arise upon the original petition, the railroad company alone is party defendant. These parties under arrest, are not parties to the original proceedings, and not being parties, of course could have no standing in court to review the proceeding upon a petition in error.

While it is true that if this claimed injunction against the railroad company was granted by a court, or judge that had jurisdiction to grant the same, all employees of the railroad with notice would be bound by it, although not in fact parties, and would subject themselves to imprisonment as for contempt for its violation; while, upon the other hand, if the court or judge had no jurisdiction to make the order, a sentence of imprisonment for its violation would be unauthorized and void, and a writ of *habeas corpus* would furnish the remedy.

This is the holding of our supreme court in *Ex parte* Shaw, 7 O. S., p. 81, wherein the court say:

"A habeas corpus can not be used as a summary process to review or revise errors or irregularities in the sentence of a court of competent jurisdiction. Imprisonment under a sentence can not be unlawful, unless the sentence is an absolute nullity. If clearly unauthorized and void, relief from imprisonment may be obtained by habeas corpus; if voidable, a writ of error is the appropriate remedy."

So I hold I have the power to entertain this petition for a writ of *habeas corpus*, the relief prayed for being dependent alone upon whether or not the sentence of imprisonment is a nullity.

Is evidence competent upon the hearing?

"Section 5729 Rev. Stat. provides: "If the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or if the jurisdiction appear after the writ is allowed, the person shall not be discharged, etc."

*Non constat*, if it does not appear that he shall be discharged. The order of commitment is based upon a judgment, or order; this judgment or order is based upon the proceedings preceding it. If the court or judge had no jurisdiction to entertain or act upon the proceedings, the judgment or order is void, and a sentence under it a nullity.

To show this, it necessarily follows that the record upon which the judgment is based must be presented to the court or judge. Otherwise, after the writ is issued, the jurisdiction cannot be made to appear. This was, in effect, the holding of the circuit court in the eighth circuit of this state in the case of Ammon v. Johnson, 2 O. C. D., 149. This holding is supported by the decision of the higher courts cited by the eighth circuit in this case.

So I hold that this record evidence is competent in this proceeding. This brings me to the consideration of the questions made upon the merits of the case.

The original proceedings were brought under sec. 6448, Rev. Stat., which provides:

"When a corporation authorized by law to make appropriation of private property, or the land named in sec. 6439 this chapter, has taken possession of and is occupying or using the land of any person or the land mentioned in said sec. 6439 for any purpose, and the land so occupied or used has not been appropriated and paid for by the corporation, or is not held by any agreement in writing with the owner thereof, or the trustees * * * such owner or owners, or either of them, etc., may serve notice in writing upon the corporation in the manner provided for the service of summons against a corporation, to proceed under this chapter to appropriate the lands, and on failure of such corporation for ten days so to proceed, said owner or owners may file a petition in the probate court of the proper county, setting forth the facts of such use or occupation by the corporation; that the corporation has no right, legal or equitable thereto; that the notice provided in this section has been duly served; that the time of limitation under the notice has elapsed, and such other facts including a pertinent description of the land so used or occupied as may be proper to a full understanding of the facts."

It is urged in argument that this section of the Revised Statutes is in violation of article 14 of the constitution of the United States, which, among other things, provides: "Nor shall any state deprive any person of life, liberty or property without due process of law" in this, to-wit: That there is no provision in the sections of the statute in reference to this kind of an appropriation of property whereby the question as to any title the railroad company may have, may be tried; that upon the question of title the railroad company is entitled to a trial by a jury; that all that is submitted to a jury upon the trial of an appropriation of property, and which the oath the jury takes contemplates, is the damages or the value of the property. Hence by this proceeding a valuable right of a railroad company may be taken without due process of law.

If this section of the statute authorized the proceeding regardless of any legal or equitable title the railroad company may have, it is at least doubtful whether it would not be in violation of article 14 of the constitution of the United States; but the section does not so provide. It is only when the railroad company has no legal or equitable estate to the premises, that the proceedings are authorized; hence it follows that if the railroad company has a legal or equitable estate in the premises, the owner of the premises can not resort to this section for relief, and the question of title can not be a question for the jury, provided for by these sections.

So I hold, that sec. 6448, Rev. Stat., is not in violation of article 14 of the constitution of the United States.

The next question that arises is, does the petition filed under sec. 6448 in this proceeding, contain the jurisdictional facts, to give the court jurisdiction to entertain the proceedings. This necessarily involves what facts are necessary. It is not an ordinary petition under the code, but a petition provided for by a special section of the statute which provides it, must contain:

"1.  The fact of such use or occupation by the corporation.
"2.  That the corporation has no right, legal or equitable, in the premises.
"3.  That the notice provided has been duly served.
"4.  That the time of limitation under the notice has elapsed.
"5.  A description of the land so used and occupied, etc., etc."

I have not the petition before me, but it is conceded that it contained no averment. or its equivalent, "that the corporation has no rights, legal or equitable, in the premises."

Is this a jurisdictional fact?

Section 6449, Rev. Stat., provides: "A summons shall issue and be served upon the corporation, and thereafter the proceedings in said court. shall be conducted to final judgment in all respects as provided in this chapter," etc.

Section 6416, Rev. Stat., provides (a section of this chapter), what facts a petition shall contain when the corporation is not in possession of the premises, etc.

Section 6420, (a section of this chapter), of the Rev. Stat., provides the jurisdictional questions to be first determined, viz: On the day named in any summons first served, the probate judge shall hear and determine the questions of the existence of the corporation; its right to make the appropriation; its inability to agree with the owner, and the necessity for the appropriation, etc.

Section 6421, Rev. Stat., provides: "If the judge determine these questions for the corporation as to any or all of the property and persons interested therein, he shall issue an order for a jury," etc., etc.

By virtue of these sections it will be seen that before the probate judge has authority or jurisdiction to order a jury, he must first determine the questions provided in sec. 6420, and the questions provided in this section, are the averments that are required to be in the petition as provided in sec. 6416. Hence it follows that these questions are jurisdictional before the right exists to call a jury. This is in effect the holding in the case of Powers v. Railway Co., 33 O. S., 429, wherein the court say: "Where a railroad company proceeds to appropriate land for its use, it is essential to a judgment of condemnation that it should prove its corporate existence, and that it has complied with the law giving it the right to exercise the power of eminent domain." As expressed by the judge delivering the opinion on page 432, "The inability of the parties to agree, must thus be proved; for the failure of the company to aprove on the preliminary hearing before the probate court, the full organization of the company, and its inability to agree with the land-owner, the court might well have dismissed the proceeding and its failure to do so would be fatal to the final judgment of condemnation in favor of the company.

Hence, as I have said, in a case like the one before me under sec. 6449, after service of a summons, the same proceedings are had as provided in part, in sec. 6420, Rev. Stat., viz: "The judge must determine first, the jurisdictional questions." What are they, by analogy, the questions that are required to be averred in the petition as provided in sec. 6448? Among them, is, "that the corporation has no right, legal or equitable, in the premises."

This then is a jurisdictional fact that must be averred in the petition, and a failure to so aver is fatal to the proceeding. The court was without jurisdiction to hear and determine the jurisdictional questions without first determining which, the court or judge had no authority or jurisdiction to order a jury, let alone to submit any question to a jury. The effect of this is that the judgment thereafter rendered is null and void, as held by our supreme court in the case of Spoors v. Coen, 44 O. S., 497, in the following language: "The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached."

Under secs. 6420 and 6421, Rev. Stat., before the probate judge has authority to order a jury, he must first determine the jurisdictional questions. As we have seen, one of these questions is, "That the corporation has no right, legal or equitable, in the premises;" another is, "The fact of such use or occupation

by the corporation;" another is, "That the notices provided had been duly served;" another is, "That the time of limitation under the notice has elapsed."

Yet upon each of these jurisdictional facts the court or judge did not find that they existed. The notice is equivalent to and answers the purpose of a summons. So far as the record is concerned, no notice was ever served; hence it follows that the court did not or has not acquired jurisdiction over the subject-matter, or over the person of the defendant, the railroad company.

Notwithstanding the want of jurisdiction in the probate court to order a jury, the jury was ordered, duly summoned, empaneled and sworn, and upon October 17, 1890, returned a verdict in favor of the plaintiff against the railroad company, in the sum of $1,000.00, and on November 5, 1890, the court rendered a judgment upon said verdict; an execution was issued upon said judgment on December 4, 1890, returned by the sheriff upon December 8, 1890, endorsed, "No goods, chattels, lands or tenements can be found whereon to levy," and on motion made upon December 29, 1890, the railroad company was restrained by the probate court from using or occupying the said premises until the aforesaid judgment was paid; a petition in error was filed in the court of common pleas of Putnam county, to reverse the judgment of the probate court, together with an undertaking in error as provided by sec. 6718, Rev. Stat. This was done on December 4, 1890, and for a violation of this restraining order, the petitioner was imprisoned as for a contempt of court, and from which he asks to be released by the writ of *habeas corpus*.

This brings us, first to the consideration of the legal effect of the filing of the petition in error and the undertaking, before the motion for the restraining order was granted.

It is urged in argument that by the giving of an undertaking the proceedings before the probate court were at an end, and the railroad company could use and occupy the premises as before, and the owner must look to the undertaking if his judgment was affirmed by the higher court. Is this position tenable? Section 6450, Rev. Stat., provides:

"If execution issued as provided in the last section, is returned unsatisfied in whole or in part with the endorsement that no goods or chattels, lands or tenements can be found whereon to levy, or if the judgment remain unsatisfied for more than sixty days from the rendition thereof, the court may by injunction restrain the corporation from using or occupying the lands until the judgment and costs are fully paid."

To my mind there is no doubt that upon the filing of the petition in error and giving of an undertaking, all proceedings upon the execution are stayed. It then becomes the duty of the probate judge to recall the execution, and in law it is recalled; so that in the case before me, when the railroad company filed its petition in error and undertaking, on December 4, the legal duty of the sheriff to act upon that execution was at an end, and his return should have been returned by reason thereof, so that the return required to be made by sec. 6450, before a restraining order can issue, could not be made, and in law it was not made; in the sense of the section, it is just the same as if the execution had never been issued, and so we treat it. The latter part of sec. 6450 provides, "Or if the judgment has not been paid within sixty days from its rendition, the company may by injunction be restrained from using or occupying the premises."

Does the undertaking in error prevent this part of the section from being enforced? Section 19 of the Bill of Rights provides, "In case where private property shall be taken for public use, a compensation therefor shall first be made in money or first secured by a deposit of money." It is urged in argument that this section only applies in cases where the railroad company is out of possession and seeks to appropriate, and a party can waive this constitutional right. I have no doubt it can be waived, but such waiver must come by the free act of the owner, and when it so comes, it would create in the railroad company in possession an equitable interest in the premises at least, so that a proceeding under sec. 6448, Rev. Stat., cannot be brought against it, but if the waiver does not

exist, it seems to me that it would be the same as no value at all attached to a person's constitutional right, viz: "To be first paid in money, or first secured by a deposit of money,",to hold that a corporation can unlawfully or without any right whatever take possession of the party's land and by reason thereof, deprive a party of a sacred right guaranteed by the constitution of the state. This would be permitting a corporation to derive a benefit by its own wrong. It would be offering a premium or reward to a wrongdoer, or for the commission of an unlawful act.

This cannot be. In the case of Meily v. Zurmehly, 23 O. S., 630, which was an action for money paid the probate judge under a proceeding to appropriate,—the railroad being out of possession, the judge delivering the opinion, says, on page 630, "It was evidently contemplated by the section that the judgment should have the force of a judgment at law." The amount thereof may be collected by execution, or may be paid into court for the use of the owner of the property. Again, on page 631, the same judge says:

"The omission of the latter provision in the substituted act of 1872, taken in connection with the provisions of sec. 10 thereof, clearly evince a legislative purpose that the pendency of proceedings in error which do not debar the corporation of the enjoyment of the property condemned, should likewise not deprive the owner of both the possession of his land and the enjoyment of the compensation adjudged to him therefor. A contrary construction would be open to the serious objection that the owner might be deprived of the use of his property during the pendency of proceedings in error, which may be for many years, without compensation being made or secured to be made for, if the judgment should be affirmed, the corporation could not be compelled, in the absence of any provision of law therefor, to pay interest on a judgment which had been fully paid, nor rent for land that as a result of such payment had been irrevocably appropriated to its use."

Again, in Wagner v. Railroad Co., 38 O. S. 36, the judge says: "The rights of the parties are mutual; whenever the corporation is entitled to take the land, its former owner is equally entitled to the money. The right to the money accrues eo instanti with the right to take the land, otherwise compensation would not first be made. The deposit of money in court is in legal effect for the land owner's use, and belongs to him as soon as the land becomes the property of the corporation," and on page 39, the same judge says: "So also secs. 6448, 6449 and 6450, provide for proceedings to appropriate in certain cases to be instituted by the land owner, and to be conducted in the same manner as if commenced by the corporation. Here also there is to be a final judgment, on the verdict, and if this judgment is not paid, the court will enjoin the use of the property."

Again in Railway Co. v. Robbins, 35 O. S., 539, the judge says, "If not collectible on execution, and not paid in sixty days, the court may enjoin the use of the land until it is paid."

"When paid or satisfied, the title passes by operation of the statute to the corporation. Until paid, the title and estate remain in the owner."

So I hold that the giving of the undertaking in error did not prevent the court from enjoining the railroad company from using or occupying the premises, after sixty days from the date of the rendition of the judgment.

When the railroad company is out of possession and seeks to appropriate, they must pay the judgment before taking possession. If it undertakes to take possession without first paying, it can be enjoined at once. A railroad company in possession as provided by sec. 6448, Rev. Stat., must pay the judgment within sixty days from the date thereof, or it may be enjoined from using or occupying the premises not at once as in the former case, but after sixty days from the date of the judgment.

Applying this rule to the case before me, did the court acquire any juridiction to enjoin at the time the court so acted?

The judgment was rendered on November 5, 1890; the sixty days would expire on January 4, 1891; the railroad company was enjoined by the probate court on December 29, 1890.

The railroad company had until January 4, 1891, to pay the judgment before it could be subjected to an injunction.

In restraining it before the time expired, the court was exercising a power the statute does not confer; hence the court had no jurisdiction, and its restrain-

ing order is null and void, and upon the violation of a void order can not be predicated a proceeding for contempt, and a sentence or judgment founded upon such a proceeding is a nullity. So I hold that the sheriff, by virtue of the commitment, now has no authority in law to hold the petitioners, and that their imprisonment is illegal.

Another question presented is under sec. 6450. The court may by injunction restrain, etc., etc.

In what manner can the facts constituting the ground for an injunction be presented to the court? The section in reference to the appropriation of private property is silent.

In the case before me the questions were presented by a motion to the probate court. Can this be done, or is the word "by injunction, "as used in sec. 6450, to be construed in connection with the section of the statute in reference to the subject of injunction, viz.: by petition or affidavits. summons, etc., etc.?

Section 5576, Rev. Stat., provides: "No injunction, unless otherwise provided by special statute, shall operate until the party obtaining the same give an undertaking," etc., etc.

Section 5579, Rev. Stat., provides: "An injunction shall bind the party from the time he has notice thereof and the undertaking required by the applicant therefor is executed.

Section 5581, Rev. Stat., provides: "An injunction or restraining order, granted by a judge, may be enforced as the act of the court, and disobedience thereof may be punished by the court," etc., etc.

There was no undertaking given before this injunction was granted. It was held by our supreme court in Diehl v. Friester, 37 O. S., 473, as follows:

"Where a probate judge allowed an injunction in a case pending in the court of common pleas, but an undertaking therefor was never given, a fine with imprisonment for its nonpayment, imposed upon the party enjoined for an alleged contempt in disregarding such injunction, is not authorized by law, and where the person so imprisoned brings an action for such injury against the party causing the imprisonment, it is not necessary to allege malice and want of probable cause."

As said by Okey, J., in the same case, o⁻ page 475: "But in our opinion the judgment and order for imprisonment were void, for the reason that Diehl (the plaintiff in the case), never gave the undertaking for the injunction required by the statute." For the failure to give an undertaking in the case before me, I hold that the sheriff, by virtue of the order of commitment, has no authority in law to hold the petitioners, and that their imprisonment is illegal.

Other questions are made as to the validity of the proceedings upon which the imprisonment for contempt depend, which I deem it unnecessary to notice. Entertaining these views I am satisfied that the petitioners are each unlawfully imprisoned and they are each discharged from said imprisonment. The costs of this proceeding are ordered paid out of the treasury of Putnam county.